## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER MARQUEZ,

      Petitioner,

v.                                                   Civ. No. 22-cv-00513-MIS-KRS
                                                     Cr. No. 21-cr-01510-KWR-1

UNITED STATES OF AMERICA,
MARK GALLEGOS, DAVID BROWN,

      Respondents.

## <u>ORDER DISMISSING CASE</u>

**THIS MATTER** is before the Court on Petitioner Christopher Marquez's *pro se* 28 U.S.C.
§ 2241 habeas petition, ECF No. 1 (the "Petition").[1] Petitioner seeks relief under § 2241 related
to the ongoing criminal proceedings against him in Case No. 21-cr-01510-KWR-1. Having
reviewed this matter *sua sponte* under Habeas Corpus Rule 4, the Court will dismiss the Petition
without prejudice for failure to exhaust available remedies.[2]

Petitioner is a pretrial detainee in the above captioned criminal proceeding in this Court. In
the Petition, he challenges the federal district court's jurisdiction over the criminal proceeding,
challenges the validity of the indictment, and argues that he is not receiving effective assistance of
counsel. ECF No. 1 at 1-7.

Relief under § 2241 may be available to a federal prisoner in an ongoing federal criminal

---

[1]    Unless otherwise indicated, record citations refer to the civil habeas case.

[2]    "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States
District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b)
("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v.
Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its
discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994)
(citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally
insufficient on its face).

case in rare and exceptional circumstances. *Medina v. Choate*, 875 F.3d 1025, 1026 (10th Cir. 2017); *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."). The issues raised in the Petition which would disrupt and intrude upon the ongoing criminal proceedings, are not properly raised in a § 2241 petition. *Thompson v. Robinson*, 565 F. App'x 738 739 (10th Cir. 2014). Nor is habeas relief permitted as alternative to a direct appeal.  *See Medina*, 875 F.3d at 1029 ("The writ of habeas corpus should not do service for an appeal.") (alteration, internal quotation marks, and citation omitted).

Instead, at this stage of the proceedings, Petitioner must seek relief through counsel in the criminal case. *Id.* at 1026, 1029 ("[T]he prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief."); 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [ § 2241] before trial."). If Petitioner is unsuccessful in obtaining the requested relief in the criminal case, he may appeal the trial court's ruling and, if he is still unsuccessful, he may seek relief from his conviction and/or sentence under 28 U.S.C. § 2255. *Medina*, 875 F. 3d at 1026. Petitioner may not, however, employ § 2241 to "preempt the judge presiding over the criminal case." *Id.* at 1028.

Therefore, it is **HEREBY ORDERED** that:

1.  Christopher Marquez's *pro se* 28 U.S.C. § 2241 habeas petition (**ECF No. 1**) is **DISMISSED** without prejudice.

2.  All pending Motions are **DENIED AS MOOT**;

3.  The Court will separately enter Final Judgment; and

4.  This case is now **CLOSED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE